IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF IDAHO

| | | |
|---|---|---|
| FRANK B. KIMBALL and ELAINE E. KIMBALL | ) ) ) | Civil No. 2:07-CV-00077-C-EJL |
| Plaintiffs, | ) ) ) | **MEMORANDUM ORDER** |
| v. | ) ) | |
| LES LUCAS, team appeals manager; JOHN or JANE DOE, director of collection; THE INTERNAL REVENUE SERVICE; and THE UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant United States of America moves to dismiss this action for lack of subject matter jurisdiction. Plaintiffs Frank B. Kimball and Elaine E. Kimball oppose the motion. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Preliminary Matters**

**a. Standards**

Plaintiffs state that "this case is filed for collection damages." (Pls' Resp. at 2; see also Pls' Complaint for Refund of Taxes; Interest; Penalties and Damages for Wrongful Collection). The United States, in turn, argues that the United States has not waived its sovereign immunity and therefore this case must be dismissed. The United States submitted the affidavit of IRS Revenue Officer Cindy Mason in support of its Motion to Dismiss. Plaintiffs contend that by doing so the United States has converted its motion to a motion for summary judgment, subject to the standard set forth in Federal Rule of Civil Procedure 56(b). However, under Rule 12(b)(1), when seeking

MEMORANDUM ORDER

1  dismissal for lack of subject matter jurisdiction, a defendant may challenge the veracity of the
2  jurisdictional facts underlying a plaintiff's complaint by submission of affidavits. See Doe v.
3  Schacter, 804 F. Supp. 53, 57 (N.D. Cal. 1992).

In this case, the Mason affidavit is aimed primarily at setting forth documentation that outlines the course of Plaintiffs' history with the IRS. (See Decl. of IRS Revenue Officer Cindy Mason (docket no. 17-3)). Because this information is related to the United States' challenge of the jurisdictional facts, it is a proper submission under Rule 12(b)(1) and does not convert this matter to a Rule 56 motion. Thornhil Pub. v. General Tel & Elec. Corp., 594 F.2d 730, 733-35 (9th Cir. 1979). Accordingly, "the trial court may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." Id. at 734. "[N]o presumptive truthfulness attaches to plaintiffs allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

**b. Motion to Strike**

Plaintiffs also move to strike the Mason affidavit, arguing that her declaration is not based on personal knowledge; that she does not qualify as an expert; that certain attached records are inadmissable hearsay; and that certain redacted information violates the applicable rules. However, Mason clearly states in her declaration that in the course of her duties she has been "assigned to collect the federal income tax liabilities, including taxes, penalties, interest, and all other applicable statutory additions of [Plaintiffs'] for tax years 1984, 1997, 1998, 1999, 2000, and 2001," and that she is in possession of the "documents contained in the IRS administrative file concerning the [Plaintiffs'] tax liabilities" and has reviewed those documents in making the representations set forth in the declaration. (Decl. of IRS Revenue Officer Cindy Mason ¶¶ C-D). Her declaration as to the same, then, is based on her personal knowledge. Contrary to Plaintiffs contention, there is no need for Mason to qualify as an expert to comment on these documents.

The Plaintiffs also incorrectly contend that the documents are "inadmissable as hearsay." With regard to form 4340, the specific documentation that concerns Plaintiffs, (see Pls' Reply), the United States correctly notes that these forms are self authenticating under the case law. See e.g., Hughes

MEMORANDUM ORDER - 2 -

v. United States, 953 F.2d 531, 540 (9th Cir. 1992). Finally, Mason explains in her declaration, (Decl. of Mason ¶ E), that all but the last 4 digits of the Plaintiffs' social security numbers and their home address were redacted as required by District of Idaho Local Civil Rule 5.5(a). Therefore, those redactions are proper. The Plaintiffs' Motion to Strike will be denied.

**c. Individual Defendants**

In addition to the United States, Plaintiffs also sued the IRS, Les Lucas, the Teams Appeals Manager, and John or Jane Doe, Director of Collection, "in their official capacity, not personally." (Pls' Compl. ¶ 3.1). The United States correctly notes that a suit against an agency or a federal employee in their official capacity is essentially a lawsuit against the United States. Balser v. Department of Justice Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003) (explaining that "any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States"). Accordingly, the Plaintiffs cannot maintain independent claims against these Defendants.

## Rule 12(b)(1) Motion

The United States, as a sovereign, may not be sued in federal court without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Federal jurisdiction, then, is dependent on a determination that two prerequisites are present: 1) a waiver of sovereign immunity, and 2) statutory authority granting subject matter jurisdiction over the claims asserted by the plaintiff. E.J. Friedman Co., Inc. v. United States, 6 F.3d 1355, 1357 (9th Cir. 1993); Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). The "party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).

The Plaintiffs have failed to carry their burden on this issue. Plaintiffs assert that jurisdiction is proper pursuant to, among other statutory provisions, 28 U.S.C. §§ 1346 and 1340. The Ninth Circuit, however, has ruled that these general jurisdiction statutes do not waive sovereign immunity. See e.g., Hughes, 953 F.2d at 539 n.5. The Plaintiffs also rely on 28 U.S.C. § 2410, (Pls' Resp. at 2, 7), but that statute does not waive sovereign immunity in cases involving the assessment and/or

collection of tax. Id. at 538-39 (explaining that any attempt to "challenge the merits of the assessment, jurisdiction is lacking under § 2410. . . . [and therefore] broad claims that the tax deficiencies are null and void, and that no lawful assessments even exist, are jurisdictionally barred"); cf. United States v. Coson, 286 F.2d 453, 458 (9th Cir. 1961) (explaining that under § 2410 a "waiver of immunity exists for the specific type of suit here brought, namely, one to remove a cloud on the title").

Plaintiffs also cite 26 U.S.C. § 6304(c) and, by extension, 26 U.S.C. § 7433.[1] (Pls' Resp. at 2, 8). However, subject matter jurisdiction is provided by § 7433 for civil damages for certain unauthorized or improper collection actions only if the lawsuit is brought within 2 years after the date the right of action accrues. 26 U.S.C. § 7433(d)(3). As the Mason affidavit demonstrates, (Decl. of Mason ¶ E, Ex 1; ¶ M, Ex. 9), Plaintiffs did not comply with this limitation and therefore there has not been a waiver of sovereign immunity. Similarly, any action pursuant to 26 U.S.C. § 7432 to challenge an improper lien filing must be brought "within 2 years after the date the right of action accrues." 26 U.S.C. § 7432(d)(3). And again, Plaintiffs failed to comply with the requisite limitations period. (Decl. of Mason ¶ O, Ex 11).

Finally, Plaintiffs point to 26 U.S.C. § 6404 for a waiver of sovereign immunity. But the United States Supreme Court has held that jurisdiction under § 6404 is vested solely with the United States Tax Court. Hinck v. United States, 127 S. Ct. 2011, 2015-16 (2007).

The Plaintiffs fail to identify any statute, regulation or rule that waives the United States' sovereign immunity with respect to the claims asserted in the Complaint.[2] Without a valid waiver of sovereign immunity, this Court does not have subject matter jurisdiction over this matter and, accordingly, the case must be dismissed. See E.J. Friedman Co., Inc., 6 F.3d at 1358-59.

---

[1] Any civil action for violations of § 6304 must be brought pursuant to § 7433. 26 U.S.C. § 6304(c).

[2] It is unclear if the Plaintiffs allege that any other provision provides for a waiver of sovereign immunity. However, the Court has considered subject matter jurisdiction under 26 U.S.C. §§ 7422, 6511(a) and, 7429(b), but finds that none permit the Plaintiffs to proceed against the United States on the claims set forth in the Complaint.

MEMORANDUM ORDER - 4 -

**ORDER**

Based on the foregoing, the Court being fully advised in the premises it is **HEREBY ORDERED** that:

1. The United States' Motion to Dismiss (docket no. 7) is **GRANTED.**

2. The Plaintiffs' Motion to Strike (docket no. 17) is **DENIED**.

3. The Plaintiffs' Motion for Preliminary Injunction (docket no. 11) is **DENIED** as moot.[3]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.



DATED: **March 14, 2008**

_____
Honorable Edward J. Lodge
U. S. District Judge

---

[3] Furthermore, the Plaintiffs' request for declaratory and injunctive relief is barred by 28 U.S.C. § 2201 and 26 U.S.C. § 7421. See Hughes, 953 F.2d at 536-37; Gattuso v. Pecorella, 733 F .2d 709, 709-10 (9th Cir. 1984).

MEMORANDUM ORDER - 5 -